# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JEAN F. SIMPSON, M.D., | )<br>)<br>) |
| Plaintiff and Counter-Defendant, | )<br>) Civil Action No. 3:13-cv-1177 |
| v. | )<br>) HON. TODD J. CAMPBELL |
| THE VANDERBILT UNIVERSITY, | ) HON. JULIET E. GRIFFIN<br>) |
| Defendant and Counter-Claimant. | ) JURY DEMAND<br>) |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ.P. 26 and by stipulation and agreement of the parties, the Court hereby orders that certain documents and information produced in discovery by either party containing confidential or privileged information consisting of medical and/or financial information concerning Plaintiff or her company, or personnel, faculty or other files of members of Defendant's faculty, or any record pertaining to any patient of the Defendant or for whom a pathology report was sought, shall be protected against unnecessary disclosure as follows:

1. The documents, along with information contained in any such documents, any deposition testimony regarding such documents which contain confidential information shall be designated as "Confidential Material" and so stamped with the word "Confidential" and shall be protected by this Agreed Protective Order ("Order") unless and until such designation is challenged and determined by the Court not to be protected. Documents or information shall not be designated "Confidential" unless: the information is reasonably believed to be information

C:\Users\mairsonr\AppData\Roaming\Interwoven\NRPortbl\BBS\MAIRSONR\1284691 1_2.docx
Braun & Associates, PLLC

that is not publicly known and/or cannot be ascertained from an inspection of publicly available information.

2. Unless otherwise agreed to in writing by the parties or ordered by this Court, Confidential Material shall be used solely for the preparation and prosecution of claims or defenses in the above-captioned case including, without limitation, interviewing witnesses or preparing a witness to give testimony, and for no other purpose.

3. Except as provided in this Order or otherwise required by law, Confidential Material may not be shown or otherwise disclosed to any person other than:

(a) judicial officers and personnel (including court reporters);

(b) legal counsel for the parties and their staff; and

(c) persons retained by counsel of record to furnish expert services or advice or to give expert testimony in this action.

4. Any person who receives or is allowed to inspect any Confidential Material may not disclose it or its contents to any person or use it for any purpose other than that specified herein. Any such person shall be provided with a copy of this Order before being shown Confidential Material. Expert witnesses shall be required to sign a statement in the form of Exhibit A before being provided with Confidential Material.

5. If any party should find it necessary in the preparation and prosecution of claims or defenses in this action to disclose any Confidential Material so designated by the other party to any person not described in Paragraph 3 of this Order, then counsel for that party, at least

ten (10) days before disclosure, shall first notify opposing counsel in writing of the Confidential Material at issue and of the name and address of each person to whom disclosure is proposed to be made. Within ten (10) days after receipt of that notice, plus an additional three (3) days if the notice is sent by mail, counsel may object to the disclosure to the persons identified. If an objection is made, then no disclosure shall be made until the objection has been resolved either by agreement of the parties or by decision of this Court on motion filed by the party seeking to make disclosure. If there is no objection to disclosure, or if any objection is resolved in favor of the disclosure, then each person to whom disclosure is to be made shall sign a Statement in the form of <u>Exhibit A</u>.

6. Any deposition transcript, pleading, motion, memorandum or other paper filed with the Court which includes or discloses any Confidential Material shall be filed in accord with § 5.07 of Administrative Order No. 167.

Portions of a deposition that have not been designated as confidential by a party within ten (10) days of receipt of a deposition transcript shall be deemed to be not confidential.

C:\Users\mairsonr\AppData\Roaming\Interwoven\NRPortbl\BBS\MAIRSONR\12846911_2.docx
Braun & Associates, PLLC

7. A waiver of the protections of this Order shall not occur unless the party who originally produced or designated the material as Confidential Material specifically waives the protections of this Order in writing.

8. Within forty-five (45) days of the conclusion of this action (including appeals), all Confidential Material, including all copies, extracts and summaries, shall be returned to the respective party's counsel or destroyed no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action. Counsel for the parties shall confirm in writing that this has been accomplished. Counsel who received Confidential Material from a producing party and who then provided it to other persons shall request the return to said counsel or the destruction of all Confidential Material, copies thereof, and notes prepared by such other persons.

9. The restriction on the use or disclosure of Confidential Material as specified in this Order shall continue during and after any trial or hearing in this case. The use of Confidential Material as evidence at a hearing or at the trial in this cause shall be subject to such protection as the Court shall determine at the time. By stipulation to the entry of this Order, no party waives any right that it might have to object on any ground to the admission of any evidence at the hearing or trial.

10. Neither the termination of this action nor the termination of employment of any person who had access to any Confidential Material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of Confidential Material disclosed pursuant to this Order.

C:\Users\mairsonr\AppData\Roaming\Interwoven\NRPortbl\BBS\MAIRSONR\12846911_2.docx
Braun & Associates, PLLC

11. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any Confidential Material if the producing party consents in writing, or if the Court, on motion filed by the party seeking to make disclosure, orders disclosure. Nothing in this Order shall prevent a party from moving this Court, after notice to the opposing party, to modify or grant relief from any provision of this Order or to place further restrictions on the use of any Confidential Material other than those provided by the terms of this Order.

12. Any party may challenge any other party's designation of confidentiality of any documents or information by motion to determine whether such information is truly confidential for purposes of protection from disclosure as provided in Rule 26 of the Federal Rules of Civil Procedure.

13. A knowing violation of this Order may be punished as contempt of the Court.

**IT IS SO ORDERED** this 31st day of March, 2014.

United States Magistrate Judge

**STIPULATED AND AGREED TO:**
s/ Richard J. Braun
Richard J. Braun, TN Bar No. 010346
Mary Leech, Of Counsel, TN Bar No. 9534
BRAUN & ASSOCIATES PLLC
501 Union Street, Suite 500
Nashville, Tennessee 37219
Telephone: (615) 259-1550
Email: rbraun@braunlawassociates.com
Mleech@braunlawassociates.com

*Attorneys for Plaintiff, Jean F. Simpson, M.D.*

C:\Users\mairsonr\AppData\Roaming\Interwoven\NRPortbl\BBS\MAIRSONR\1284691l_2.docx
Braun & Associates, PLLC

s/ William N. Ozier, With Permission
William N. Ozier, TN Bar No. 003409
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Telephone: (615) 742-6200
Email: bozier@bassberry.com

/s John C. Callison
John C. Callison, Esquire — TN Bar No. 0035461
Senior Deputy General Counsel
THE VANDERBILT UNIVERSITY
Lowes Vanderbilt Plaza
2100 West End Avenue, Suite 750
Nashville, Tennessee 37203

*Attorneys for Defendant, The Vanderbilt University*

C:\Users\mairsonr\AppData\Roaming\Interwoven\NRPortbl\BBS\MAIRSONR\12846911_2.docx
Braun & Associates, PLLC

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEAN F. SIMPSON, M.D., | ) |
| | ) |
| Plaintiff and Counter-Defendant, | ) |
| | ) Civil Action No. 3:13-cv-1177 |
| v. | ) |
| | ) HON. TODD J. CAMPBELL |
| THE VANDERBILT UNIVERSITY, | ) HON. JULIET E. GRIFFIN |
| | ) |
| Defendant and Counter-Claimant. | ) JURY DEMAND |
| | ) |

## CONFIDENTIAL MATERIAL STATEMENT

I, _____, have been provided with a copy of the Protective Order governing the disclosure of certain information and documents in the above-referenced matter. I am familiar with the terms and conditions of that Protective Order and agree to be bound by them with regard to any document or information identified as Confidential Material. I understand that any knowing violation of the Protective Order may be punishable as contempt.

Print Name: _____

Address: _____

_____

_____

12846911.2

Page 7 of 7

C:\Users\mairsonr\AppData\Roaming\Interwoven\NRPortbl\BBS\MAIRSONR\12846911_2.docx
Braun & Associates, PLLC